UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHANNON CARTER,<br><br>　　　　　　　　Petitioner,<br>　v.<br>RENEE BAKER, et al.,<br><br>　　　　　　　　Respondents. | Case No. 3:15-cv-00431-MMD-VPC<br><br>ORDER |

Petitioner Shannon Carter has submitted a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. His application to proceed *in forma pauperis* (dkt. no. 1) shall be granted. It appears from the petition that it was submitted outside the applicable limitations period and may be subject to dismissal on that basis.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

In his federal petition, Carter states that the judgment of conviction he seeks to challenge — Case No. CR01-1055 — was entered on August 7, 2001 (dkt. no. 1-1 at 1-2). Petitioner also attaches the April 19, 2006, Nevada Supreme Court order affirming the denial of his state postconviction petition (*see* Case. No. 45351). Petitioner dispatched this federal habeas petition for mailing on August 16, 2015 (dkt. no. 1-1 at 1).

Petitioner may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his right and some extraordinary circumstance stood in his way. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner will be given the opportunity to show that either the instant petition was not filed beyond the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

Also before the Court is petitioner's motion for the appointment of counsel (dkt. no. 1-2). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition on file in this action appears sufficiently clear in presenting the issues that petitioner wishes to raise, and the legal issues do not appear to be particularly complex. Therefore, counsel is not justified at this time. Petitioner's motion is denied without prejudice.

It is therefore ordered that petitioner's application to proceed *in forma pauperis* (dkt. no. 1) is granted.

It is further ordered that the Clerk shall detach, file and electronically serve the petition (dkt. no. 1-1) upon the respondents.

It is further ordered that petitioner shall have thirty (30) days from the date of entry of this order to show cause and file such proof he may have to demonstrate that

the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period. He shall also set forth a complete and accurate history, with dates, of any state postconviction proceedings presented to the state district court and the Nevada Supreme Court, including direct appeal and state habeas petitions.

It is further ordered that if petitioner files such proof, respondents shall have twenty (20) days to file a response to petitioner's proof.

It is further ordered that if petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period or that he is entitled to equitable tolling, the court will enter an order dismissing the petition.

It is further ordered that the Clerk shall detach and file petitioner's motion for appointment of counsel (dkt. no. 1-2). The motion for appointment of counsel is denied.

DATED THIS 16th day of October 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE