UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHANNON CARTER,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>RENEE BAKER, et al.,<br><br>　　　　　　　Respondents. | Case No. 3:15-cv-00431-MMD-VPC<br><br>ORDER |

Petitioner Shannon Carter's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the Court on his response to this Court's show-cause order as to why the petition is not subject to dismissal as time-barred. (ECF No. 7.) He subsequently filed what he styled as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, but is essentially a supplemental response to the show-cause order. (ECF No. 12.) Respondents filed a response to both of Carter's filings, with exhibits. (ECF Nos. 8, 13 and 14.)

The state district court records that respondents provided reflect the following. The state judgment of conviction Carter seeks to challenge was filed on October 17, 2001 (exhibit 11 to respondents' response to Rule 60(b) motion).[1] The Nevada Supreme Court affirmed Carter's convictions on July 29, 2002. (Exh. 15.) The Nevada Supreme Court affirmed the denial of Carter's state postconviction petition on April 19,

---

[1] The exhibits referenced in this order are exhibits to respondents' response to petitioner's purported Rule 60(b) motion, ECF No. 13, and are found at ECF No. 14.

2006. (Exh. 17.) More than nine years later, on August 16, 2015, Carter dispatched this federal habeas petition for mailing, well beyond the one-year statute of limitations. Under § 2244(d)(1)(A).

In his response to the show-cause order, Carter expresses general disagreement with the Nevada Supreme Court's adjudication of his case and argues that the court's ruling was a "fundamental miscarriage of justice." (ECF No. 7.) He does not allege that the petition is timely, and his response is silent as to how he is entitled to equitable tolling, except for a conclusory statement that such tolling is warranted. In what he styles his Rule 60(b) motion, Carter further elucidates his allegations that the state courts erred. (ECF No. 12.) He then asserts generally that the Nevada Department of Corrections (NDOC) law library "paging system" is inadequate and hindered his access to the courts. He states that he had no physical access to the law library for eight out of the twelve months that he was housed at Ely State Prison. (*Id.* at 6.) He argues that the state district court committed plain error. (*Id.* at 8.) Carter also contends that his plea counsel rendered ineffective assistance when he failed to object to the prosecution's "outrageous" sentencing recommendation. (*Id.*) Absent again are any factual allegations that might explain the over nine-year delay in filing his federal petition or any facts to demonstrate that Carter diligently pursued his rights and some extraordinary circumstance stood in his way. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Carter has failed to meet his burden to demonstrate that he is entitled to equitable tolling of the one-year limitations period.

Carter also argues that he is actually innocent of the crime of kidnapping in the second degree with the use of a deadly weapon. (ECF No. 12 at 10.) Carter pleaded guilty to this charge based on the factual allegations that he detained the victim against her will using a deadly weapon consisting of a leather belt with a brass belt buckle as a

///

choking device. (Exh. 8 at 17.) Carter now contends that he is actually innocent of this charge because "a belt is not a deadly weapon" under state law. (ECF No. 12 at 10.)

      A convincing showing of actual innocence may enable habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims. *Schlup v. Delo*, 513 U.S. 298 (1995); *House v. Bell*, 547 U.S. 518 (2006). In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." 133 S.Ct. 1924, 1928 (2013). The Court emphasized that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.*; quoting *Schlup*, 513 U.S., at 329; *see House*, 547 U.S. at 538 (emphasizing that the *Schlup* standard is "demanding" and seldom met). In assessing a *Schlup* gateway claim, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S. at 332; *McQuiggin*, 133 S.Ct. at 1936 ("[f]ocusing on the merits of a petitioner's actual-innocence claim and taking account of delay in that context, rather than treating timeliness as a threshold inquiry, is tuned to the rationale underlying the miscarriage of justice exception — *i.e.*, ensuring that federal constitutional errors do not result in the incarceration of innocent persons" (internal quotations and citations omitted).

      The Court first notes that it is not clear that the actual innocence gateway applies to a case such as this involving a guilty plea. *See Smith v. Baldwin*, 510 F.3d 1127, 1140 (9th Cir.2007) n.9 ("We are aware of the potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas."). In any event, the Court concludes that petitioner's gateway claim of actual innocence is patently meritless. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523

U.S. 614, 623 (1998). Carter's assertion that a belt is not a deadly weapon under Nevada law is merely a legal insufficiency argument and does not establish his actual innocence either of kidnapping in the second degree or the use of a deadly weapon. Further, whether or not a belt is a deadly weapon within the meaning of NRS § 193.165 is an issue of state law. A state's interpretation of its own laws or rules affords no basis for federal habeas corpus relief because no federal constitutional question arises. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Peltier v. Wright*, 15 F.3d 860, 861-862 (9th Cir. 1994).

Thus, Carter's claim of actual innocence fails. Petitioner's federal petition is untimely. Petitioner has failed to demonstrate any basis for equitable tolling or to excuse the statute of limitations. Because the federal habeas petition was untimely filed, and because petitioner is not entitled to statutory or equitable tolling, this action must be dismissed.

Accordingly, the petition will be dismissed with prejudice as untimely.

It is therefore ordered that the petitioner's three motions for extension of time (ECF Nos. 10, 11 and 16) are all granted *nunc pro tunc*.

It is further ordered that the petition is dismissed with prejudice as untimely.

It is further ordered that petitioner's Rule 60(b) motion (ECF No. 12) is denied as moot.

It is further ordered that the Clerk add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

It is further ordered that the Clerk electronically serve the petition, along with a copy of this order, on respondents. No response by respondents is necessary.

It is further ordered that the Clerk enter judgment accordingly and close this case.

DATED THIS 6th day of May 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE